UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HAROLD HINGOS,

                        Plaintiff,

  -against-

INTERNATIONAL ALLIANCE OF THEATRICAL
STATE EMPLOYEES (IATSE), IATSE LOCAL #54,
and WILLIAM CARROLL, in his Official Capacity as
Business Agent for Local 54,

                        Defendants.
-----------------------------------------------------------x

**COMPLAINT**

Civil Case No. _____

***JURY TRIAL DEMANDED***

## PRELIMINARY STATEMENT

      This is an action by plaintiff who alleges that his employer unfairly treated him and eventually terminated his employment as a result of age-based discrimination, in violation of the Equal Protection Clause (Fourteenth Amendment) of the United States Constitution; the Equal Employment Opportunity Act, 42 U.S.C. §2000e; the Age Discrimination in Employment Act of 1967; and a pendant state claim for violation of New York's Human Rights Law, Executive Law §296.

## PARTIES

      1. Plaintiff Harold Hingos is and was at all times relevant hereto, a citizen of the State of New York, domiciled in Greene, Broome County, New York.

      2. Upon information and belief, defendant International Alliance of Theatrical Stage Employees (hereinafter "IATSE") is a labor organization duly authorized to operate in the State of New York, with its corporate headquarters and principal place of business located at 1430

Broadway, 20th Floor, New York, New York 10018.

3. Upon information and belief, defendant Local # 54 is a local affiliate of IATSE and is duly authorized to operate as a labor organization in the State of New York, with its headquarters located at 9 Lindbergh Street, Johnson City, New York 13790.

4. Upon information and belief, defendant William Carroll was at all times relevant hereto the business agent for Local #54, and as such was responsible for entering into contract agreements to provide services and assigning union members to those jobs.

5. Upon information and belief, at all times herein, William Carroll was acting within the scope of his employment for defendant labor organizations.

## JURISDICTION

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as a civil action arising under the United States Constitution and laws. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

## VENUE

7. The instant action is properly venued in the Northern District of New York since all conduct complained of herein occurred in and around Binghamton and Greene, New York, which are located within said judicial district.

## STATEMENT OF FACTS

8. At all times herein mentioned, the plaintiff Harold Hingos was a member of IATSE and Local #54, having joined Local #1 – Stage Employees in 1956, and Local #54 in

September, 1975.

9.  The plaintiff was a stage hand and carpenter who was assigned work by the union, and at all times he performed his duties ably, competently and satisfactorily.

10.  In January, 2004 defendant William Carroll informed the plaintiff that he, in his capacity as business agent for Local #54, had arranged for stage hands such as the plaintiff to work a twelve-hour shift at Tri-Cities Opera, which would entail working for four hours at scale pay rather than overtime.

11.  Carroll told the plaintiff to report for work at Tri-Cities Opera on January 26, 2004.

12.  The plaintiff objected to the arrangement, as he was aware of a signed contract between the union and Tri-Cities Opera that called for time-and-a-half wages whenever a union member worked longer than eight hours.

13.  Subsequently, on January 24, 2004 defendant William Carroll called plaintiff Harold Hingos to inform he was fired from his job as a stage hand/carpenter.

14.  In the course of terminating the plaintiff's employment, defendant Carroll made comments to the plaintiff such as, "You are too old to work," "You can't handle the job," and "We're putting you out to greener pastures."

## AS AND FOR A FIRST CAUSE OF ACTION
(Age Discrimination Pursuant to ADEA, 29 U.S.C. § 621 )

15.  Plaintiff repeats, realleges and reiterates each and every allegation in paragraphs "1" through "14 " as though fully set forth herein.

16.  At all times herein mentioned defendants knew of plaintiff's exemplary work

history and satisfactory job performance.

17. Defendant Carroll, as an agent of defendant labor unions, although aware of the plaintiff's abilities, nonetheless subjected the plaintiff to verbal taunts with regard to his age, and then went on to terminate him because of his age, in clear violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §621.

18. Upon information and belief, defendants IATSE and Local # 54 failed to adequately instruct, counsel and educate its officers and agents such as William Carroll with respect to appropriate conduct toward union members of all ages, or to construct proper guidelines for personnel matters including retaliation, age discrimination and proper grounds for termination.

19. Upon information and belief, defendants IATSE and Local #54 failed to adequately instruct its officers and agents such as William Carroll with respect to the necessity of following union guidelines and abiding by union contracts that govern the payment of wages.

20. Upon information and belief, the defendant labor organizations failed to discipline, reprimand or rebuke defendant Carroll for his actions against the plaintiff and otherwise failed to take measures to investigate and rectify the problem, thereby ratifying the improper conduct of defendant Carroll.

21. By reason of the defendants' actions the plaintiff has sustained lost earnings and is unable to carry out his livelihood.

22. By reason of the defendants' actions the plaintiff has sustained humiliation, mental anguish, loss of dignity and embarrassment.

## AS AND FOR A SECOND AND SEPARATE CAUSE OF ACTION
### (National Labor Relations Act)

23. Plaintiff repeats, realleges and reiterates each and every allegation in paragraphs "1" through "22" as though fully set forth herein.

24. Defendant Carroll fired the plaintiff directly after the plaintiff protested an arrangement to work overtime at below-scale pay, in direct violation of labor union rules and regulations.

25. Upon information and belief, in doing so the defendants violated laws including but not limited to Section 7 of the National Labor Relations Act, (29 U.S.C. §151 *et seq*), which protects union members from termination in retaliation for actions similar to those of the plaintiff.

26. Upon information and belief, the plaintiff's objection to working overtime at straight pay was a valid objection, since as a union member and longtime employee, he was well aware of not only union rules but also of the existence of a contract, both of which provided set rules for overtime hours and wages, that would be breached and violated under the terms set forth by defendant Carroll.

27. Upon information and belief, retaliation against the plaintiff for objecting to non-union scale pay was a substantial or contributing factor in the decision to terminate him from his employment.

28. Upon information and belief, the local and international unions ratified and endorsed the conduct of William Carroll by failing to investigate the matter, reinstate the plaintiff, or discipline defendant Carroll for his actions.

29. By reason of the foregoing, plaintiff Harold Hingos sustained injuries including the loss of his ability to carry out his occupation and loss of earnings, as well as severe emotional

injuries that include humiliation, emotional anguish, depression and a loss of self-respect.

### AS AND FOR A THIRD AND SEPARATE CAUSE OF ACTION
### (Pendant State Claim under NYS Executive Law §296)

30. Plaintiff realleges, repeats and reiterates each and every allegation in paragraphs "1" through "29" as though fully set forth herein.

31. That the defendants unlawfully discharged the plaintiff from his employment on the basis of his age and his actions in speaking out against being forced to work overtime at straight pay in violation of labor and contract requirements.

32. That in terminating plaintiff's employment because of said unlawful reasons, defendants acted in violation of New York Executive Law §296.

### AS AND FOR A FOURTH AND SEPARATE CAUSE OF ACTION
### (Breach of Contract as Against IATSE and Local #54)

33. Plaintiff realleges, repeats and reiterates the allegations set forth in paragraphs "1" through "32" as though set forth fully herein.

34. That the plaintiff, as a union member in good standing, was entitled to the benefits of said membership, including full representation and protection against actions such as those taken by William Carroll.

35. Upon information and belief, the Bill of Rights of Members of Labor Organizations affords union members such as the plaintiff the right to express any views, arguments or opinions.

36. Upon further information and belief, the Bill of Rights of Members of Labor

Organizations affords union members such as the plaintiff safeguards against improper disciplinary action, and prohibits such members from being fined, suspended, expelled or otherwise disciplined for any reason other than nonpayment of dues, without having first been served with written specific charges, given a reasonable time to prepare a defense and been provided with a full and fair hearing.

37. Plaintiff alleges that he was wrongfully terminated because of his age and because he spoke out against being asked to work at wages below union scale, and further alleges that he was summarily terminated without the safeguards to which he was entitled as a union member.

38. Upon information and belief, the defendant union organizations had a contractual duty to provide the plaintiff with the benefits of union membership in return for the dues he paid for said membership.

39. Upon information and belief, the unions failed to adequately represent the plaintiff, failed to safeguard his freedom of speech, failed to protect him from wrongful termination, and having failed to take action against Business Agent Carroll for his conduct, thereby ratifying the same, and have therefore breached their contractual obligations to the plaintiff and are liable for the same.

WHEREFORE, plaintiff respectfully requests that the Court:

a) Award plaintiff compensatory damages for the emotional distress and anguish sustained as a result of the conduct complained of herein.

b) Award plaintiff compensatory and punitive damages for the wrongful conduct carried out by defendants as complained of herein in an amount to be proven at trial.

c) Award plaintiff reasonable attorney's fees together with the costs and

disbursements of this action, along with such other and further relief as the

Court deems just and proper under the circumstances.

Dated: October 8, 2004
       Binghamton, New York

By: __s/_____
Ronald R. Benjamin
Federal Bar No. 101131
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607
(607) 772-1442

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury in this action.